**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 6:26-cv-00781 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PHYLLIS JEAN GOTTLIEB and | ) |
| ALLEN BRUCE GOTTLIEB, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

1. The United States of America brings this suit pursuant to 31 U.S.C. § 5321(b)(2) to recover civil penalties assessed against Phyllis Jean Gottlieb and Allen Bruce Gottlieb for their failure to timely report financial interests in foreign bank accounts for 2011–2015 (Mrs. Gottlieb) and 2013–2015 (Mr. Gottlieb), as required by 31 U.S.C. § 5314 and its implementing regulations, as well as interest and late payment penalties that have accrued on those penalties. The United States submits the following allegations in support of its Complaint.

### JURISDICTION AND VENUE

2. A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is brought at the direction of the Attorney General of the United States.

1

3.      The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery of a civil penalty.

4.      Venue is appropriate in this district under 28 U.S.C. §§ 1391(b)(1) and 1395 because the Gottliebs reside in Apopka, Florida, which is within this district.

**OBLIGATION TO REPORT INTEREST IN FOREIGN ACCOUNTS**

5.      Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" exceeding $10,000 in aggregate value to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

6.      To fulfill this requirement, a person must file a Form FinCEN 114, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 C.F.R. § 1010.350(a). (Before 2013, the reporting requirement was the same, but the required form was numbered TD F 90-22.1.) At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

7.      Any person who fails to report his or her interest in a foreign bank account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the non-willful failure to report the existence of a foreign

account, the maximum civil penalty that may be imposed for each violation is $10,000. 31 U.S.C. § 5321(a)(5).

**COUNT I**
**Judgment for Civil Penalties Assessed Against Phyllis Gottlieb for Failure to Report Interest in Foreign Accounts for 2011, 2012, 2013, 2014, and 2015**

8.    Phyllis Gottlieb ("Mrs. Gottlieb") is a U.S. citizen and was a U.S. citizen at all times relevant to this Complaint.

9.    During 2011, 2012, 2013, 2014, and 2015, Mrs. Gottlieb had a financial interest in, or signatory authority over, foreign bank accounts, as listed in the table below.

| Account | Highest Balance in 2011 | Highest Balance in 2012 | Highest Balance in 2013 | Highest Balance in 2014 | Highest Balance in 2015 |
|---|---|---|---|---|---|
| Banistmo XXXXX4885 | $78,245 | $68,653 | $28,614 | $55,922 | $50,678 |
| Banistmo XXXXX9801 | $793,627 | $660,893 | $695,157 | $881,628 | $106,307 |
| Banistmo XXXXX5893 | | | $10,760 | $503,082 | $78,549 |
| Banistmo XXXXX4770 | | | | | $80,200 |
| Mega International XXXX2266 | $96,896 | $6,448 | $6,708 | | |
| Scotiabank XXX4415 | $3,335 | $3,210 | $3,060 | $36,081 | $28,304 |
| Heritage Bank XX4194 | $150,204 | $59,231 | $19,462 | $35,438 | |

| Account | Highest Balance in 2011 | Highest Balance in 2012 | Highest Balance in 2013 | Highest Balance in 2014 | Highest Balance in 2015 |
|---|---|---|---|---|---|
| St. Georges Bank XXX6807 | | | $85,000 | $150,015 | $93,276 |
| St. Georges Bank XXX5684 | | | $60,000 | $11,500 | $13,000 |
| **TOTAL** | $1,122,307 | $798,435 | $908,761 | $1,673,666 | $450,314 |

10.     Mrs. Gottlieb was required to file an FBAR for 2011, 2012, 2013, 2014, and 2015.

11.     Mrs. Gottlieb did not file an FBAR for 2011, 2012, 2013, or 2014, and filed her 2015 FBAR after the due date.

12.     On April 9, 2024, a delegate of the Secretary of the Treasury timely assessed $50,000 in civil penalties against Mrs. Gottlieb pursuant to 31 U.S.C. § 5321(a)(5) for failing to report her interests in foreign accounts in calendar years 2011, 2012, 2013, 2014, and 2015. The assessments were as follows:

| Reporting Year | Assessed Penalty |
|---|---|
| 2011 | $10,000 |
| 2012 | $10,000 |
| 2013 | $10,000 |
| 2014 | $10,000 |
| 2015 | $10,000 |
| **TOTAL** | $50,000 |

13.    The usual statute of limitations for assessing an FBAR penalty is six years from the date of the violation, which is the date the FBAR was required to be filed. 31 U.S.C. § 5321(b)(1). The FBARs were required to be filed by June 30 of the calendar year following the year for which the report was made. For calendar years 2011 through 2015, the statute of limitations for assessing FBAR penalties would therefore have expired June 30, 2018; June 30, 2019; June 30, 2020; June 30, 2021; and June 30, 2022, respectively. However, Mrs. Gottlieb agreed in writing to extend the statute of limitations for assessing FBAR penalties for all years at issue to December 31, 2024.

14.    The IRS issued notice of the penalty assessments to Mrs. Gottlieb and demanded payment thereof.

15.    Despite notice and demand for payment, Mrs. Gottlieb has failed to pay the civil penalties assessed against her.

16.    As of April 9, 2026, Mrs. Gottlieb is liable to the United States for $59,972.60, which includes the FBAR penalties, interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2).

## COUNT II
**Judgment for Civil Penalties Assessed Against Allen Gottlieb for Failure to Report Interest in Foreign Accounts for 2013, 2014, and 2015**

17.    Bruce Allen Gottlieb ("Mr. Gottlieb") is a U.S. citizen and was a U.S. citizen at all times relevant to this Complaint.

18.    During 2013, 2014, and 2015, Mr. Gottlieb had a financial interest in, or signatory authority over, foreign bank accounts, as listed in the table below.

| Account | Highest Balance in 2013 | Highest Balance in 2014 | Highest Balance in 2015 |
|---|---|---|---|
| Banistmo XXXXX4885 | $28,614 | $55,922 | $50,678 |
| Banistmo XXXXX7539 | | $5,000 | $36,562 |
| Mega International XXXX2664 | $338,448 | | $28,304 |
| St. Georges Bank XXX2673 | $25,000 | $45,968 | $22,837 |
| **TOTAL** | $392,062 | $106,890 | $138,381 |

19.    Mr. Gottlieb was required to file an FBAR for 2013, 2014, and 2015.

20.    Mr. Gottlieb did not file an FBAR for 2013 or 2014, and filed his 2015 FBAR after the due date.

6

21.     On April 10, 2024, a delegate of the Secretary of the Treasury timely assessed $30,000 in civil penalties against Mr. Gottlieb pursuant to 31 U.S.C. § 5321(a)(5) for failing to report his interests in foreign accounts in calendar years 2013, 2014, and 2015. The assessments were as follows:

| Reporting Year | Assessed Penalty |
|:---:|:---:|
| 2013 | $10,000 |
| 2014 | $10,000 |
| 2015 | $10,000 |
| **TOTAL** | $30,000 |

22.     The usual statute of limitations for assessing an FBAR penalty is six years from the date of the violation, which is the date the FBAR was required to be filed. 31 U.S.C. § 5321(b)(1). The FBARs were required to be filed by June 30 of the calendar year following the year for which the report was made. For calendar years 2013 through 2015, the statute of limitations for assessing FBAR penalties would therefore have expired June 30, 2020; June 30, 2021; and June 30, 2022, respectively. However, Mr. Gottlieb agreed in writing to extend the statute of limitations for assessing FBAR penalties for all years at issue to December 31, 2024.

23.     The IRS issued notice of the penalty assessments to Mr. Gottlieb and demanded payment thereof.

24.     Despite notice and demand for payment, Mr. Gottlieb has failed to pay the civil penalties assessed against him.

25. As of April 9, 2026, Mr. Gottlieb is liable to the United States for $35,983.56, which includes the FBAR penalties, interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2).

**WHEREFORE**, the United States asks the Court to:

A. Enter judgment against Mrs. Gottlieb and in favor of the United States in the amount of $59,972.60 as of April 9, 2026, for civil penalties assessed under 31 U.S.C. § 5321(a)(5) for calendar years 2011, 2012, 2013, 2014, and 2015, plus accrued interest on such penalties, late payment penalties and associated fees, plus further interest and statutory additions thereon as allowed by law from April 9, 2026, to the date of payment;

B. Enter judgment against Mr. Gottlieb and in favor of the United States in the amount of $35,983.56 as of April 9, 2026, for civil penalties assessed under 31 U.S.C. § 5321(a)(5) for calendar years 2013, 2014, and 2015, plus accrued interest on such penalties, late payment penalties and associated fees, plus further interest and statutory additions thereon as allowed by law from April 9, 2026, to the date of payment; and

C. Award the United States its costs in connection with this action, along with such other relief as justice requires.

Dated: April 9, 2026                    Respectfully Submitted,


                                        BRETT A. SHUMATE
                                        Assistant Attorney General

                                        JOSHUA WU
                                        Deputy Assistant Attorney General
                                        Tax Litigation Branch

                                        By: */s/ Meredith Elliott Hollman*
                                        MEREDITH ELLIOTT HOLLMAN
                                        Va. Bar No. 99387
                                        Trial Attorney
                                        Tax Litigation Branch
                                        Civil Division, Dept. of Justice
                                        1275 1st Street, N.E.
                                        Washington, DC 20002
                                        Telephone: (202) 803-3655
                                        Fax: (202) 514-4963
                                        Meredith.Jordan@usdoj.gov

                                        Of counsel

                                        GREGORY W. KEHOE
                                        United States Attorney
                                        Middle District of Florida

9